IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASAM KIDWAI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-13-CV-972-XR |
| | § | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | § § § | |
| | § | |
| *Defendants*. | | |

**ORDER**

On this date, the Court considered Plaintiff's motion to remand (docket no. 6). For the following reasons the Court GRANTS the motion.

**I. Background**

On August 24, 2012, Plaintiff Asam Kidwai filed suit in 288th Judicial District Court of Bexar County, Texas against Defendants Federal National Mortgage Association ("Fannie Mae"), CitiMortgage, Inc. ("CitiMortgage"), Seterus, Inc. ("Seterus"), and Barrett, Daffin, Frappier, Turner & Engle, LLP ("BDFTE"). It is undisputed that Plaintiff and BDFTE are citizens of Texas for diversity jurisdiction analysis. On October 17, 2013, the state court dismissed Plaintiff's claims against BDFTE. Docket No. 1-11, Ex. B-71. Six days later, Seterus removed the action to this Court. Docket No. 1.[1] Seterus alleges that, although removal occurred over a year after commencement of the action, removal is proper because Plaintiff acted in bad faith to prevent removal. Specifically, Seterus asserts that Plaintiff failed to diligently pursue his claims against BDFTE and that Plaintiff engaged in delay tactics for the purpose of keeping

---

[1] Fannie Mae, CitiMortgage, and BDFTE consented to the removal. Docket No. 1, Ex. C; Docket No. 4.

BDFTE as a non-diverse defendant for over a year.  On November 21, 2013, Plaintiff moved to remand the action to state court. Docket No. 6.  Plaintiff disputes Seterus's assertions of fact and its ultimate conclusion of bad faith.  He alleges that the case has been frustrated by Defendants' refusal to answer discovery and by the parties' good-faith mediation attempts.  BDFTE, Seterus, and CitiMortgage responded and Plaintiff replied.  Seterus then moved to strike Plaintiff's reply.  Docket No. 22.

## II. Seterus's Motion to Strike

Seterus seeks to strike Plaintiff's reply to his motion to remand and the attorney declaration contained therein. Docket No. 22.  Seterus notes that Plaintiff's reply is untimely and that Plaintiff did not seek an extension of time in which to reply. *See* W.D. TEX. R. 7(f) (requiring a reply be filed within seven days after the filing of a response).  The Court admonishes Plaintiff for replying after the deadline and for not seeking an extension of time to respond.  Nevertheless, the Court denies Seterus's motion to strike and, to the extent that the declaration asserts undisputed facts and clarify the state-court record, the Court will consider Plaintiff's attorney declaration.  *See Nelms v. Kramer*, SA-10-CV-627-NN, 2011 WL 3862269, at *1 (W.D. Tex. Aug. 31, 2011) (admonishing a party for failure to comply with Local Rule 7(f), but choosing not to strike the party's response); *Gerald v. Univ. of S. Mississippi*, 2:12-CV-147-KS-MTP, 2013 WL 5592454, at *3 (S.D. Miss. Oct. 10, 2013) (noting that local rules are not jurisdictional in nature and a court is free to consider filings not in precise compliance with them).

## III. Removal and Remand

### 1. Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Generally, a defendant must remove a case within thirty days after service of the initial pleadings or service of summons. 28 U.S.C. § 1446(b)(1). If the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Regardless, a defendant may not remove a case on the basis of diversity jurisdiction "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1466(c)(1); *see* Pub. L. No. 112–63 § 105(d) (amending § 1446(c)(1) in 2011 to add an equitable tolling exception); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003) (recognizing equitable tolling for bad faith conduct before the 2011 amendment to §

1446(c)(1)). Conduct rises to the level of "bad faith" when a party makes a "transparent attempt to avoid federal jurisdiction." *Carey v. Allstate Ins. Co.*, 2:13-CV-2293, 2013 WL 5970487, at *3 (W.D. La. Nov. 7, 2013) (citing *Williams v. Mor–Tem Risk Mgmt. Servs. Inc.,* 2012 WL 1014752, at *5 (W.D. La. Mar. 22, 2012). Courts must determine whether bad faith exists on a case-by-case basis, balancing the equitable exception with "the general rule that removal jurisdiction is to be strictly construed [in favor of remand], as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Id.* (citing *Foster v. Landon*, 2004 WL 2496216, at *2 (E.D. La. Nov. 4, 2004).

**2. Discussion**

Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. Here, it is undisputed that only Plaintiff and BDFTE are citizens of Texas. All other Defendants are diverse. Additionally, Plaintiff seeks over a million dollars in damages. *See* DTPA Demand Letter, Docket No. 6, Ex. 1. Thus, the only disputed issue regarding jurisdiction is whether Seterus's removal over a year after commencement of the suit, was proper.

Seterus asserts that Plaintiff's bad faith actions prevented removal within a year of commencement of the case and that consequently, it can now remove. *See* 28 U.S.C. § 1446(c)(1). Seterus argues for three indications of bad faith, (1) that BDFTE was a non-diverse party joined solely for the purpose of defeating diversity jurisdiction, (2) that the record shows Plaintiff failed to diligently pursue his claims against BDFTE, and (3) that Plaintiff's delay tactics prevented Seterus from removing the case to federal court within a year of commencement.

**A. Whether BDFTE Was Joined Solely to Defeat Diversity Jurisdiction**

Seterus's first allegation of Plaintiff's bad faith is Plaintiff's decision to join BDFTE as a non-diverse party for the allegedly sole purpose of defeating federal diversity jurisdiction. Seterus's argument, however, fails since Plaintiff asserted potentially viable claims against BDFTE.

In his original petition, Plaintiff asserts that he agreed to a mortgage modification with the entities allegedly holding or servicing his mortgage—Fannie Mae, CitiMortgage, and Seterus. *See* Pet., Docket No. 1-1, Ex. B-1 ¶ 14.  However, Plaintiff asserts that nearly a year after Plaintiff's mortgage was allegedly modified, Fannie Mae, CitiMorgage, and Seterus refused to abide by the mortgage modification. *Id.* ¶ 17.  Instead, Defendants—including BDFTE—allegedly warned Plaintiff that the loan was in default and threatened to foreclose. *Id.*  On these allegations, Plaintiff asserted causes of action against BDFTE for violations of the Texas Deceptive Trade Practices Act ("DTPA"), wrongful debt collection, breach of contract, and fraud.  Plaintiff sued BDFTE as an alleged debt collector and possibly as a foreclosure trustee. *Id.* ¶ 12, 17.  Ultimately, the state court granted summary judgment in favor of BDFTE on these claims. Docket No. 1-11, Ex. B-71.  The state court's order does not explain the legal basis for the order, but presumably the court accepted BDFTE's argument for attorney immunity. *See* BDFTE's Am. MSJ, Docket No. 1-3, Ex. B-26.

Although BDFTE ultimately prevailed on summary judgment, it does not follow that BDFTE was wrongfully named at commencement of the suit.  In Texas, legal counsel may be sued for wrongful acts committed, not as counselors, but as debt collectors or foreclosure trustees. *See e.g. West v. CitiMortgage, Inc.*, CIV. A. H-12-1409, 2012 WL 3129127, at *3 (S.D.

Tex. July 31, 2012) (allowing a plaintiff to state a wrongful debt collection claim against a mortgagee's attorneys and remanding the case to state court); *Boyle v. Wells Fargo Bank, N.A.*, 4:11-CV-04006, 2012 WL 289881, at *5 (S.D. Tex. Jan. 31, 2012) (same); *Magers v. Bank of Am., N.A.*, EP-12-CV-00368-DCG, 2013 WL 705545, *6 (W.D. Tex. Feb. 26, 2013) (permitting a plaintiff to state a wrongful foreclosure claim against a mortgagee's attorney for her role as substitute trustee and remanding the case). Because Plaintiff's original petition asserted claims against DBFTE as a debt collector and possibly as a foreclosure trustee, Plaintiff's claims were potentially viable. In fact, Seterus asserts that it did not seek to remove the case upon being served because it feared that a federal court would remand the case to state court. Resp., Docket No. 8 at 9. Because Plaintiff's claims were potentially viable when the case was filed, the Court rejects Seterus's assertion that Plaintiff's claims against BDFTE were asserted solely to defeat federal jurisdiction.

**B. Whether Plaintiff Failed to Diligently Pursue His Claims**

Next, Seterus argues that the record shows Plaintiff failed to diligently pursue his claims against BDFTE. Seterus's arguments are unconvincing.

First, Seterus asserts in its notice of removal that Plaintiff failed to send BDFTE a demand letter. Seterus argues that this failure showed Plaintiff's unwillingness to take even the initial step towards pursuing his DTPA claim. *See* TEX. BUS. COMM. CODE § 17.505 (requiring that a DTPA plaintiff send a demand letter sixty days before suit where practical). However, the record shows—and it is now undisputed—that Plaintiff sent a demand letter to BDFTE the day Plaintiff filed his lawsuit. *See* DTPA Demand Letter, Docket No. 6, Ex. 1; Seterus's Resp., Docket No. 8 at 9. Even though the letter may have been sent untimely, it nevertheless alleged

legal violations committed by BDFTE and demanded recompense. *See* DTPA Demand Letter at 2–3; TEX. BUS. COMM. CODE § 17.505(b) (waiving pre-suit notice when notice is impracticable); *Id.* § 17.505(c) (allowing abatement of a DTPA case when a defendant is not served with pre-suit notice).

Second, Seterus asserts that Plaintiff pursued summary judgment on all claims except those claims against BDFTE. Seterus argues that Plaintiff should have moved for summary judgment on his claims against BDFTE because those claims were supported—if at all—by the same evidence Plaintiff used in his motion for summary judgment against Defendants CitiMortgage, Fannie Mae, and Seterus. Seterus's argument, however, ignores the hurdles Plaintiff would have had to overcome to prove his claims against BDFTE. For example, Plaintiff's wrongful debt collection claim against BDFTE required it to prove DBFTE was a debt collector. *See* TEX. FIN. CODE § 392.304. Plaintiff may not have been able to prove this element since BDFTE ignored Plaintiff's discovery requests. *See* Pl.'s Reply, Docket No. 21, Ex. 1 at 6–8; Severus's Resp., Docket No. 8 at 1, 10.[2] Thus, the evidence shows that Plaintiff's failure to seek summary judgment against BDFTE was not unreasonable.

Finally, Seterus asserts that Plaintiff amended his claims against BDFTE only once and against all other Defendants twice. To the extent that this fact is relevant, it tends to show that Plaintiff pursued his claims against BDFTE.

### C. Whether Plaintiff Engaged in Delay Tactics

Third, Seterus argues that Plaintiff engaged in delay tactics which prevented BDFTE from obtaining summary judgment on those claims asserted against it until after the case had been filed for over a year. Seterus and Plaintiff each accuse the other of unethical tactics.

---

[2] Moreover, both Plaintiff and Seterus acknowledge that the parties were engaged in ongoing discovery disputes. *See* Pl's Reply, Docket No. 21, Ex. 1 at 6; Severus's Resp., Docket No. 8, Ex. A.

Nevertheless, the record is clear that DBFTE could have set a hearing for summary judgment within a year, but chose not to.

During December 2012 and early 2013, BDFTE filed, argued, and lost a plea to the jurisdiction. *See* Docket No. 1-1, Ex. B-14; Docket No. 1-2, Ex. B-19.  Soon thereafter, BDFTE filed for summary judgment and set a hearing on its motion for March, 26 2013. *See* MSJ, Docket No. 1-2, Ex. B-20; Notice of Hearing, Docket No. 1-2, Ex. B-21.  When the hearing date arrived, BDFTE vacated the setting after realizing that admissions had been deemed against it for its failure to respond to discovery. *See* Pl.'s Reply, Docket No. 21, Ex. 1 at 6–8; Seterus's Resp., Docket No. 8 at 1, 4, 10.  Without moving to strike the deemed admissions, BDFTE reset the hearing on its motion for summary judgment for April 23, 2013. Docket No. 1-2, Ex. B-25. Before the hearing date, however, all of the parties agreed to a docket control order. *See* Emails, Docket No. 8, Ex. C-1; Order, Docket No. 1-6, B-39.  The docket control order mandated that dispositive motions could not be set for a hearing before June 30, 2013. Docket No. 1-6, Ex. B-39.  The parties also agreed to mediate. *See* Pl's Reply, Docket No. 21, Ex. 1 at 11–12.  After the first mediation was unsuccessful, the parties agreed to a second mediation, which was scheduled for July 30, 2013. *See id.* at 12; Mot. to Continue, Docket No. 1-6, Ex. B-42.  However, before this second mediation was held, BDFTE scheduled a hearing on its motion for summary judgment, setting the hearing for July 24, 2013. Docket No. 1-6, Ex. B-40.  Since the second mediation was already scheduled when Plaintiff was notified of BDFTE's summary judgment hearing, Plaintiff moved to continue the hearing for thirty days. Docket No. 1-6, Ex. B-39.  The state-court judge agreed to continue the hearing, but not for thirty days. *See* Pl's Reply, Docket No. 21, Ex. 1 at 11.  Instead, the judge ordered that BDFTE could reset the hearing for any time

after July 30, 2013. *Id.* On September 30, 2013, BDFTE reset the hearing for October 9, 2013. Docket No. 1-8, Ex. B-59. On October 17, 2013, the judge granted BDFTE's motion for summary judgment. Docket No. 1-11, Ex. B-71.

The record and undisputed evidence shows that many times over the year commencing on August 24, 2012, BDFTE could have taken control of the case by answering discovery and insisting on having its motion for summary judgment heard. Instead, BDFTE ignored discovery, pursued a losing plea to the jurisdiction, and agreed to continuances and a docket control order. Only once did Plaintiff seek and receive an opposed continuance. The opposed continuance, however, was only for six days, and even after it expired, BDFTE had twenty-four days on which it could have set a summary judgment hearing before the one year anniversary of the case. It chose, however, to wait until October 2013 to argue its summary judgment before the state court. Furthermore, Seterus agreed to the docket control order and did not appear in opposition at the hearing on Plaintiff's motion to continue. *See* Reply, Docket No. 21 at 12. Therefore, any delay in this case is attributable to all parties, and accordingly, Seterus has not shown that Plaintiff acted in bad faith to defeat federal jurisdiction.

## IV. Conclusion

Defendant Seterus Inc. has not shown that Plaintiff acted in bad faith to prevent removal of this case within one year after commencement of the action. Accordingly, Seterus has not established proper removal. *See* 28 U.S.C. § 1446(c)(1). Therefore, Seterus motion to strike (docket no. 22) is DENIED. Plaintiff's motion to remand (docket no. 6) is GRANTED. Plaintiff's request for attorney's fees and costs related to the removal of this case is DENIED. The Clerk is directed to remand this case to state court and to close this case.

It is so ORDERED.

SIGNED this 22nd day of January, 2014.

                                                                                                                _____
                                                                                                                XAVIER RODRIGUEZ
                                                                                                                UNITED STATES DISTRICT JUDGE